UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>                Plaintiff,<br><br>         v.<br><br>GAVIN NEWSOM, et al.,<br><br>                Defendants. | No.  2:20-cv-00691-JAM-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 8) |

Presently before the court is defendants, Governor Gavin Newsom and the state of California's, motion to dismiss plaintiff's complaint.  (ECF No. 8.)  Plaintiff has filed an opposition, and defendants have filed a reply.  (ECF Nos. 9, 11.)  At the hearing on this matter, defendants appeared through Jerry Tonwei Yen, and plaintiff, who represents himself pro se, did not appear.  For the following reasons, the court recommends GRANTING defendants' motion.

On March 4, 2020, Governor Newsom issued a state-of-emergency order to respond to the COVID-19 pandemic.  (ECF No. 8-2 at 4-8.)[1]  Subsequently, on March 19, 2020, the governor

---

[1] District courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  To this end, a court may take judicial notice "of court filings and other matters of public record," Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006), including "government documents available from reliable sources on the internet," California River Watch v. City of Vacaville, 2017 WL 3840265, at *2 n.1 (E.D. Cal.

1

issued Executive Order N-33-20 ("Order" or "Stay at Home Order"), which "order[ed] all individuals living in the state of California to stay home or at their place of residence except as needed to maintain [essential services]." (ECF No. 8-2 at 13.) "Faith based services that are provided through streaming or other technology" were included in the essential services exempt from the Stay at Home Order. (ECF No. 8-2 at 25.)

On May 25, 2020, California issued additional guidelines for religious services, which permitted in-person ceremonies up to 100 persons or 25 percent of the relevant building's capacity, whichever is fewer. (ECF No. 8-2 at 36.) These restrictions were further updated on June 12, 2020; the updated guidelines permitted outdoor services, so long as physical distancing requirements and other protocols were observed. (ECF No 8-2 at 50.)

Plaintiff filed the present suit on April 3, 2020, challenging the Stay at Home Order. (ECF No. 1.) Plaintiff's complaint contains numerous legal citations and is generally lacking in factual assertions; however, as relevant to the pending motion to dismiss, plaintiff alleges that the Stay at Home Order prevented the church he attends from holding services. (See ECF No. 1 at 5.) Plaintiff claims the Order violates his freedom to exercise his religion and his freedom to assemble. (ECF No. 1 at 5, 7.) Plaintiff prays to "stop the governor . . . from closing churches" in the state of California. (ECF No. 1 at 10 (cleaned up).)

LEGAL STANDARDS

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

---

Sept. 1, 2017). The court takes notice of the public records attached to the defendants' motion to dismiss. (ECF No. 8-2.)

## DISCUSSION

Defendants raise two arguments for dismissal: that plaintiff's claims are moot in light of the supplemental guidelines and that plaintiff has failed to state a plausible claim for relief under the Free Exercise Clause of the United States Constitution.[2] Because the court finds that plaintiff has failed to state a free exercise claim, it does not reach defendants' mootness argument.

### 1. **Emergency Powers**

As an initial matter, the Stay at Home Order and subsequent guidelines are entitled to substantial deference from this court. By necessity, in times of emergency and crisis, states and municipalities may be required to take action that would burden constitutionally protected rights:

> [I]n every well-ordered society charged with the duty of conserving the safety of its members the rights of the individual in respect of his liberty may at times, under the pressure of great dangers, be subjected to such restraint, to be enforced by reasonable regulations, as the safety of the general public may demand.

Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 29 (1905); see also United States v. Caltex, 344 U.S. 149, 154 (1952) (noting that "in times of imminent peril—such as when fire threatened a whole community—the sovereign could, with immunity, destroy the property of a few [so] that the property of many and the lives of many more could be saved"). In such emergencies, "a state may implement emergency measures that curtail constitutional rights so long as the measures have at least some 'real or substantial relation' to the public health crisis and are not 'beyond all question, a plain, palpable invasion of rights secured by the fundamental law.'" In re Abbott, 954 F.3d 772, 784 (5th Cir. 2020) (quoting Jacobson, 197 U.S. at 31.)

This test is plainly met here. First, the restrictions at issue are aimed at preventing group gatherings, a primary vector for spreading COVID-19. While not addressed by plaintiff, "it is no part of the function of a court . . . to determine which one of two modes was likely to be the most effective for the protection of the public against disease." Jacobson, 197 U.S. at 31. There appears to be no dispute that the Stay at Home Order and subsequent guidelines are aimed at curtailing the COVID-19 pandemic, and thus have a real and substantial relation to a public

---

[2] Plaintiff's freedom of association claim is essentially identical to his claim under the Free Exercise Clause. Accordingly, the court only addresses the latter.

3

1  health crisis.

2  Second, as discussed more fully below, the restrictions are not a "plain, palpable invasion" of plaintiff's rights.  Religious gatherings have been permitted, in some form, since the inception of the Stay at Home Order, and the guidelines have been amended to allow additional opportunities to congregate.  While physical congregation has undoubtedly been curtailed, plaintiff is free to practice his religion in numerous non-restricted ways.

Therefore, given the deference owed by this court, the undersigned finds that the Stay at Home Order and the subsequent guidelines at issue in this matter are a valid exercise of the state's emergency powers.

### 2.    **Free Exercise Clause**

The First Amendment, as applied to the states through the Fourteenth Amendment, protects the "free exercise" of religion.  Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940).  "In addressing the constitutional protection for free exercise of religion, our cases establish the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice."  Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993).  A law that fails to satisfy the "neutral and of general applicability" requirements must be justified by a compelling government interest and must be narrowly tailored.  Id. at 531-32.  Courts look to both the text and the effect of a law to determine whether it is neutral and generally applicable.  Parents for Privacy v. Barr, 949 F.3d 1210, 1234 (9th Cir. 2020).

Here, the Stay at Home Order and the subsequent guidelines are facially neutral regarding religion.  The Order directs all residents to stay home "except as needed to maintain continuity of operations" of certain business sectors.  (ECF No. 8-2 at 13.)  The Order exempts "[f]aith based services that are provided through streaming or other technology."  (ECF No. 8-2 at 25.)  Although the Order expressly mentions religious services, it does so to exempt them from its restrictions.  The mention of religious services in this context—to *exempt* them from the Stay at Home Order—does not transform the Order into a facially discriminatory one.  See Gish v.

4

Newsom, 2020 WL 1979970, at *6 (C.D. Cal. Apr. 23, 2020) ("Facial neutrality does not require freedom from any mention of religion") accord Cross Culture Christian Ctr. v. Newsom, 2020 WL 2121111, at *5 (E.D. Cal. May 5, 2020). Therefore, the court finds the Stay at Home Order and the subsequent guidelines to be facially neutral.

The court also finds that the Stay at Home Order is neutral in effect. "Apart from the text, the effect of a law in its real operation is strong evidence of its object." Lukumi, 508 U.S. at 535. "Even if a law is facially neutral, it may nonetheless fail the neutrality test if '[t]he record . . . compels the conclusion that suppression of [a religion or religious practice] was the object of the ordinances.'" Parents for Privacy, 949 F.3d at 1235 (quoting Lukumi, 508 U.S. at 533).

The Stay at Home Order applies to both religious and secular conduct alike, and a review of the Stay at Home Order and the subsequent guidelines demonstrates that religious services and comparable secular conduct are treated similarly. In determining whether a law is neutral in effect, courts can compare treatment of the protected conduct and similarly situated activities. As this court has previously noted, events comparable to attending a church service—dining at restaurants and congregating at entertainment venues, movie theatres, concerts, and sporting events—are all restricted by the Stay at Home Order. Cross Culture, 2020 WL 2121111, at *5. Accordingly, the court finds that the Stay at Home Order is neutral in its effect.

For the same reasons, the court finds the Stay at Home Order to be generally applicable, i.e., it treats religious observers equally. "A law is not generally applicable if its prohibitions substantially under include non-religiously motivated conduct that might endanger the same governmental interest that the law is designed to protect." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1079 (9th Cir. 2015). "[I]f a law pursues the government's interest 'only against conduct motivated by religious belief' but fails to include in its prohibitions substantial, comparable secular conduct that would similarly threaten the government's interest, then the law is not generally applicable." Id. (quoting Lukumi, 508 U.S. at 545). As addressed above, the Stay at Home Order and subsequent guidelines treat religious gatherings and comparable secular conduct alike. There is no indication, and plaintiff does not assert, that the Stay at Home Order was selectively enforced against religious entities or that plaintiff's church was singled out.

5

1   Based on the foregoing, the court finds that the Stay at Home Order and subsequent
2   guidelines are neutral rules of general applicability.  Accordingly, they are subject to rational
3   basis review.  Under rational basis review, a law "must be upheld if it is rationally related to a
4   legitimate governmental purpose." Parents for Privacy, 949 F.3d at 1238.  Plaintiff has the
5   burden to negate every conceivable basis that might support the law. Stormans, 794 F.3d at 1084.
6   As addressed in the previous section, there is a clear relationship between the Stay at Home Order
7   and the COVID-19 pandemic.  Thus, plaintiff has not satisfied his burden.
8   Therefore, the court finds that the Stay at Home Order and subsequent guidelines are
9   constitutional, and plaintiff's complaint is subject to dismissal.

10   **3.   Leave to Amend**

11   If the court finds that a complaint should be dismissed for failure to state a claim, it has
12   discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30
13   (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects
14   in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also
15   Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave
16   to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
17   the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809
18   F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a
19   complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato,
20   70 F.3d at 1005-06.
21   Given that plaintiff has not sufficiently addressed the deficiencies outlined above, and that
22   he failed to attend the hearing on defendants' motion at which he could have raised such
23   arguments, the court finds that amendment would be futile.  Therefore, the court recommends that
24   plaintiff's complaint be dismissed without leave to amend.
25   /////
26   ////
27   ////
28   ////


CONCLUSION

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 8) be GRANTED.

2. Plaintiff's complaint be dismissed without leave to amend.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.691.F&R